UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

TRACY JONES,

        Plaintiff,

v.

JO ANNE B. BARNHART, Commissioner of Social Security,

        Defendant.

CASE NO.   C05-5270RJB

REPORT AND RECOMMENDATION

Noted for February 3, 2006

      Plaintiff, Tracy Jones, has brought this matter for judicial review of the denial of his application for supplemental security income ("SSI") benefits. This matter has been referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Magistrates Rule MJR 4(a)(4) and as authorized by Mathews, Secretary of H.E.W. v. Weber, 423 U.S. 261 (1976). After reviewing the parties' briefs and the remaining record, the undersigned submits the following report and recommendation for the Honorable Robert J. Bryan's review.

REPORT AND RECOMMENDATION
Page - 1

## FACTUAL AND PROCEDURAL HISTORY

Plaintiff currently is thirty-six years old.[1] Tr. 33. He completed the twelfth grade of high school and has past work experience as a dishwasher and furniture mover. Tr. 20, 101, 106, 114.

On January 18, 2001, plaintiff filed an application for SSI benefits, alleging disability as of January 12, 2001, due to depression, suicidal thoughts, left shoulder problems, and low back pain. Tr. 19-20, 79, 100. His application was denied initially and on reconsideration. 33-35. He requested a hearing, which was held before an administrative law judge ("ALJ") on May 28, 2003. Tr. 374. Plaintiff, represented by counsel, appeared and testified at the hearing, as did a medical expert and a vocational expert. Tr. 374-452.

On April 4, 2004, the ALJ issued a decision, determining plaintiff to be not disabled, finding specifically in relevant part:

(1) at step one of the disability evaluation process, plaintiff had not engaged in substantial gainful activity since his alleged onset date of disability;

(2) at step two, plaintiff had "severe" impairments consisting of major depression with psychotic features, a personality disorder, polysubstance abuse, and left shoulder pain;

(3) at step three, plaintiff's poly-substance abuse disorder met the criteria of 20 C.F.R. Part 404, Subpart P, Appendix 1, § 12.09, but absent alcohol and drug abuse none of his medically determinable impairments met or equaled the criteria of any of those listed in 20 C.F.R. Part 404, Subpart P, Appendix 1;

(4) at step four, plaintiff had the residual functional capacity to perform light work, with certain additional non-exertional limitations, which precluded him from performing his past relevant work; and

(5) at step five, plaintiff was capable of performing other jobs existing in significant numbers in the national economy.

Tr. 30-32. Plaintiff's request for review was denied by the Appeals Council on February 18, 2005, making the ALJ's decision the Commissioner's final decision. Tr. 5; 20 C.F.R. § 416.1481.

On April 14, 2005, plaintiff filed a complaint in this court seeking review of the ALJ's decision. (Dkt. #1). Specifically, plaintiff argues that decision should be reversed and remanded to the Commissioner for further administrative proceedings because:

(a) the ALJ erred in evaluating the opinions of: the medical expert who testified at the hearing, Dr. Prasanna Pati; examining psychologists, Alan R. Breen, Ph.D., and Frank J. Hammer, Ph.D.; examining psychiatrist, Dr. Marty Hoiness; non-

---

[1] Plaintiff's date of birth has been redacted in accordance with the General Order of the Court regarding Public Access to Electronic Case Files, pursuant to the official policy on privacy adopted by the Judicial Conference of the United States.

     examining consulting psychologist, William Lysak, Ph.D.; and non-examining consulting psychiatrist, Dr. Harold B. Johnston;

(b) the ALJ erred in assessing plaintiff's credibility;

(c) the ALJ erred in assessing plaintiff's residual functional capacity;

(d) the hypothetical question the ALJ posed to the vocational expert was inaccurate and incomplete; and

(d) substantial evidence did not support the ALJ's finding that plaintiff had a high school education;

Defendant agrees this matter should be remanded for further administrative proceedings, asserting that remand is needed to:

(i) further develop the record by ordering a consultative psychological evaluation to determine what limitations, if any, plaintiff's mental impairments impose in the absence of his polysubstance abuse;

(ii) if necessary, obtain additional medical expert testimony to assist in the re-evaluation of plaintiff's mental impairments, both with and without the effects of his polysubstance abuse;

(iii) further consider the opinions of Drs. Breen, Pati, Hammer and Hoiness, and determine what weight, if any, they are to be accorded;

(iv) further evaluate plaintiff's residual functional capacity in light of the expanded record; and

(v) further consider, with the assistance of additional vocational expert testimony, plaintiff's ability to perform other work existing in significant numbers in the national economy.

Defendant's Brief, pp. 12-13.

 It thus appears both parties agree that remand for further administrative proceedings is appropriate, at least for the following purposes: to re-evaluate the opinions of Drs. Breen, Pati, Hammer, and Hoiness; to re-assess plaintiff's residual functional capacity; and to re-assess plaintiff's ability to perform other jobs existing in significant numbers in the national economy at step five of the disability evaluation process, taking into account that he requires a "structured" work environment as found by the ALJ in his decision (see Tr. 28, 31; Defendant's Brief, p. 12; Plaintiff's Reply Brief, p. 2). Accordingly, the undersigned recommends that this matter be reversed and remanded to the Commissioner for further administrative proceedings to re-consider these issues.

 The following issues, however, apparently remain for the court to resolve:

(A) whether, on remand, the Commissioner should re-evaluate the opinions of Drs.

REPORT AND RECOMMENDATION
Page - 3

Lysak and Johnston;

(B)   whether substantial evidence supports the ALJ's assessment of plaintiff's credibility;

(C)   whether substantial evidence supports the ALJ's finding that plaintiff has a high school education; and

(D)   whether the Commissioner should be ordered to obtain on remand a consultative psychological evaluation of plaintiff and additional medical expert testimony.

The undersigned will address each of these remaining issues below.[2]

## DISCUSSION

This court must uphold the Commissioner's determination that plaintiff is not disabled if the Commissioner applied the proper legal standard and there is substantial evidence in the record as a whole to support the decision. Hoffman v. Heckler, 785 F.2d 1423, 1425 (9th Cir. 1986). Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. Richardson v. Perales, 402 U.S. 389, 401 (1971); Fife v. Heckler, 767 F.2d 1427, 1429 (9th Cir. 1985). It is more than a scintilla but less than a preponderance. Sorenson v. Weinberger, 514 F.2d 1112, 1119 n.10 (9th Cir. 1975); Carr v. Sullivan, 772 F. Supp. 522, 524-25 (E.D. Wash. 1991). If the evidence admits of more than one rational interpretation, the court must uphold the Commissioner's decision. Allen v. Heckler, 749 F.2d 577, 579 (9th Cir. 1984).

I.   The ALJ Should Re-evaluate the Opinions of Drs. Lysak and Johnston on Remand

Dr. Lysak and Dr. Johnston found plaintiff moderately limited in a number of mental functional areas. Tr. 291-93, 305. Plaintiff argues that although the ALJ accorded "weight" to the opinions of Drs. Lysak and Johnston (Tr. 28), he failed to "evaluate the totality" of their findings (Plaintiff's Opening Brief, p. 13), assessing him with fewer limitations than they found he had. The undersigned agrees. Although it appears that the ALJ did give significant weight to the findings of Dr. Lysak and Dr. Johnston, he did not include all of the limitations they found in his assessment of plaintiff's residual functional capacity. See Tr. 28. Thus, as with the opinions of Drs. Breen, Pati, Hammer, and Hoiness, on remand, the Commissioner

---

[2] In his reply brief, plaintiff implies that the court should find for him with respect to the first three of these remaining issues, because defendant did not expressly "contest" those issues in her brief. Plaintiff's Reply Brief, p. 2. While it is true defendant did not specifically address them in her brief, it is not clear that by failing to do so, she in fact is admitting the ALJ's findings on those issues were erroneous. Nor does defendant's silence necessarily indicate that the law or evidence in the record supports plaintiff's position. Accordingly, the undersigned will address those issues below.

REPORT AND RECOMMENDATION
Page - 4

also shall re-evaluate the findings of Drs. Lysak and Johnston.

II.     The ALJ Should Re-Assess Plaintiff's Credibility on Remand

Questions of credibility are solely within the control of the ALJ. Sample v. Schweiker, 694 F.2d 639, 642 (9th Cir. 1982). The court should not "second-guess" this credibility determination. Allen, 749 F.2d at 580. In addition, the court may not reverse a credibility determination where that determination is based on contradictory or ambiguous evidence. Id. at 579. That some of the reasons for discrediting a claimant's testimony should properly be discounted does not render the ALJ's determination invalid, as long as that determination is supported by substantial evidence. Tonapetyan v. Halter, 242 F.3d 1144, 1148 (9th Cir. 2001).

To reject a claimant's subjective complaints, the ALJ must provide "specific, cogent reasons for the disbelief." Lester v. Chater, 81 F.3d 821, 834 (9th Cir. 1996) (citation omitted). The ALJ "must identify what testimony is not credible and what evidence undermines the claimant's complaints." Id.; Dodrill v. Shalala, 12 F.3d 915, 918 (9th Cir. 1993). Unless affirmative evidence shows the claimant is malingering, the ALJ's reasons for rejecting the claimant's testimony must be "clear and convincing." Lester, 81 F.2d at 834. The evidence as a whole must support a finding of malingering. O'Donnell v. Barnhart, 318 F.3d 811, 818 (8th Cir. 2003).

In determining a claimant's credibility, the ALJ may consider "ordinary techniques of credibility evaluation," such as reputation for lying, prior inconsistent statements concerning symptoms, and other testimony that "appears less than candid." Smolen v. Chater, 80 F.3d 1273, 1284 (9th Cir. 1996). The ALJ also may consider a claimant's work record and observations of physicians and other third parties regarding the nature, onset, duration, and frequency of symptoms. Id.

A determination that a claimant's complaints are "inconsistent with clinical observations" can satisfy the clear and convincing requirement. Regennitter v. Commissioner of SSA, 166 F.3d 1294, 1297 (9th Cir. 1998). Here, the ALJ found that the report of Dr. Hoiness did not support the degree of mental health symptoms and limitations alleged by plaintiff. See Tr. 27 (referring to Exhibit 6F). As discussed above, the parties agree the ALJ did not properly evaluate the medical opinion evidence in the record regarding plaintiff's mental functional limitations, including the report of Dr. Hoiness, and therefore that evidence should be re-evaluated by the Commissioner on remand. Accordingly, the ALJ erred in relying on the

REPORT AND RECOMMENDATION
Page - 5

1  opinion of Dr. Hoiness to discount plaintiff's credibility as well.

2  The ALJ, however, also discounted plaintiff's allegations of disabling physical impairments based on
3  the opinion of examining physician, Dr. Howard Quint. See Tr. 27 (referring to Exhibit 7F). Dr. Quint's
4  examination of plaintiff was fairly unremarkable. Tr. 222-24. The physical functional limitations he found
5  essentially comport with those with which the ALJ assessed plaintiff. See Tr. 28, 224-25. The physical
6  residual functional capacity assessment form completed by non-examining consulting physician, Dr. David
7  L. Deutsch, also supports the ALJ's findings with respect to plaintiff's exertional limitations and allegations
8  of disabling physical impairments. See Tr. 28, 309-13. Therefore, at least in so far as plaintiff's physical
9  limitations are concerned, the ALJ did not err in discounting his credibility.

10  The ALJ further discounted plaintiff's credibility in part because he had "been non-compliant with
11  treatment and shown minimal motivation to obtain treatment. Tr. 27. Failure to assert a good reason for
12  not seeking, or following a prescribed course of, treatment, or a finding that a proffered reason is not
13  believable, also "can cast doubt on the sincerity of the claimant's pain testimony." Fair v. Bowen, 885 F.2d
14  597, 603 (9th Cir. 1989). Plaintiff argues this reason for discounting his credibility is not valid, because Dr.
15  Pati testified that non-compliance with treatment was due in part to his personality disorder. The evidence
16  regarding the reasons as to why plaintiff has been non-compliant, however, is mixed.

17  It is true Dr. Pati testified that plaintiff's personality disorder may be "part of the problem" with his
18  non-compliance. Tr. 433-34. Dr. Breen also noted that his "personality difficulties may make it hard for
19  him to demonstrate consistent follow-through," and that it was "going to be very hard for him to achieve
20  much" until his psychiatric problems were resolved and he had established "more internal structure." Tr.
21  162-63. Reports from other medical sources in the record, however, indicate problems with compliance,
22  without specifically basing the cause of that non-compliance on plaintiff's underlying mental impairments.
23  See Tr. 170, 182-83, 211, 215, 277, 307, 316, 342, 364. It seems though that the ALJ did not consider the
24  possibility plaintiff's noncompliance might be due to his personality disorder. As such, it is not certain this
25  reason for discounting his credibility is clear and convincing.

26  The ALJ next discounted plaintiff's credibility because he "described daily activities which are not
27  limited to the extent one would expect, given the complaints of disabling symptoms and limitations." Tr. 27.
28  To determine whether a claimant's symptom testimony is credible, the ALJ may consider his or her daily

REPORT AND RECOMMENDATION
Page - 6

1 activities. Smolen, 80 F.3d at 1284. Such testimony may be rejected if the claimant "is able to spend a
2 substantial part of his or her day performing household chores or other activities that are transferable to a
3 work setting." Id. at 1284 n.7. The claimant need not be "utterly incapacitated" to be eligible for disability
4 benefits, and "many home activities may not be easily transferable to a work environment." Id.

5       Here, the evidence in the record again is mixed regarding the extent of plaintiff's activities of daily
6 living. For example, he reported in mid-April 2001, that although he listened to sports "all day," drove, and
7 sometimes took care of his puppies, went for a walk and did some yard work, he otherwise stayed "to
8 himself," did "not enjoy much," and did not do any cooking, cleaning or grocery shopping. Tr. 216, 218.
9 On the other hand, Dr. Quint noted in mid-June 2001, that plaintiff spent his time doing yard work, raking
10 and mowing, though such activity hurt his left shoulder. Tr. 221.  In mid-July 2001, Dr. Deutsch also noted
11 plaintiff's statements indicated that he could vacuum, do the dishes, and take care of all of his personal
12 needs. Tr. 311.  Here too, therefore, it is not certain that this reason for discounting plaintiff's credibility is
13 clear and convincing.

14       Lastly, the ALJ discounted plaintiff's credibility because he had a criminal history and a history of
15 alcohol and drug abuse. Tr. 27.  It is not clear though how, other than one mention in the record that he has
16 a history of incarcerations due in part to "forgeries" (Tr. 209), plaintiff's past criminal and substance abuse
17 history impugn his credibility regarding his allegations of disability.  That is, the mere fact that a claimant
18 has a criminal history or history of abusing drugs and alcohol, does not necessarily mean the claimant is now
19 lying about his or her current ability to work.  The ALJ did state that plaintiff had "made inconsistent
20 statements in regard [to] his drug use." Tr. 27.  However, the ALJ did not set forth what those statements
21 in fact were.  Indeed, a review of the record reveals that while plaintiff's substance abuse has continued, his
22 statements regarding such abuse have been fairly consistent. See Tr. 185, 187, 192, 203, 209, 217, 267-68,
23 273, 283, 288, 319, 364, 366, 370.

24       It is true that an ALJ's credibility determination may not be reversed where that determination is
25 based on contradictory or ambiguous evidence. See Allen, 749 F.2d at 579.  Here, however, only one of the
26 ALJ's stated reasons for discounting plaintiff's credibility appears to be clear and convincing, whereas two
27 others do not seem to be.  Further, it remains to be seen whether the ALJ's reliance on the opinion of Dr.
28 Hoiness, plaintiff's non-compliance with treatment, and plaintiff's activities of daily living was proper.
Accordingly, on remand, the Commissioner shall re-assess plaintiff's credibility concerning his symptoms

REPORT AND RECOMMENDATION
Page - 7

1  and allegations of inability to perform any work.

2  III.  Plaintiff's Education

3  Plaintiff argues substantial evidence in the record does not support the ALJ's determination that he

4  had a high school, or high school equivalent, education. See Tr. 29, 31. A claimant's level of education is

5  evaluated as follows:

> The importance of your educational background may depend upon how much time has passed between the completion of your formal education and the beginning of your physical or mental impairment(s) and by what you have done with your education in a work or other setting. Formal education that you completed many years before your impairment began, or unused skills and knowledge that were a part of your formal education, may no longer be useful or meaningful in terms of your ability to work. Therefore, the numerical grade level that you completed in school may not represent your actual educational abilities. These may be higher or lower. However, if there is no other evidence to contradict it, we will use your numerical grade level to determine your educational abilities. . . . In evaluating your educational level, we use the following categories:
>
> . . . (4) High school education and above. High school education and above means abilities in reasoning, arithmetic, and language skills acquired through formal schooling at a 12th grade level or above.

20 C.F.R. § 916.964(b).

Plaintiff asserts evidence of achievement testing in the record indicating that he read and spelled at the tenth-grade level, and did mathematics at the eighth-grade level (Tr. 161), required the ALJ to use these test scores as his true educational level, rather than the fact that he apparently was able to complete school through the twelfth grade (Tr. 106). It is not clear, however, that these achievement test scores alone are sufficient to overcome the presumption that plaintiff's completion of the twelfth grade represented his true educational abilities. Nevertheless, because the ALJ's decision does not indicate whether or not the ALJ took the evidence of plaintiff's achievement testing into consideration in determining his actual educational level, on remand, the Commissioner shall re-determine this issue as well.

IV.  The Need to Obtain Additional Medical Evidence on Remand

Plaintiff argues defendant has no standing to seek relief beyond that which he has sought. That is, plaintiff asserts the court should not order the Commissioner to obtain a consultative neuropsychological evaluation or additional medical expert testimony on remand. First, it does not appear that defendant has requested the court order that additional medical expert testimony be obtained on remand. See Defendant's Brief, pp. 13. Nor does the undersigned necessarily find it likely, as defendant asserts, that the testimony of

1  Dr. Pati supports a finding of disability based on the record currently before the court.  Nevertheless, it is
2  not clear that additional neuropsychological evaluations or medical expert testimony is required to resolve
3  this matter.  Accordingly, the undersigned does not find an order directing the Commissioner to seek such
4  additional evidence to be warranted at this time.  If, however, on remand, the Commissioner feels that such
5  evidence is needed, it of course may obtain it.

6  V.    This Matter Should Be Remanded for Further Administrative Proceedings

7        The court may remand this case "either for additional evidence and findings or to award benefits."
8  Smolen, 80 F.3d at 1292.  Generally, when the court reverses an ALJ's decision, "the proper course, except
9  in rare circumstances, is to remand to the agency for additional investigation or explanation." Benecke v.
10 Barnhart, 379 F.3d 587, 595 (9th Cir. 2004) (citations omitted).  Thus, it is "the unusual case in which it is
11 clear from the record that the claimant is unable to perform gainful employment in the national economy,"
12 that "remand for an immediate award of benefits is appropriate."  Id.

13       Benefits may be awarded where "the record has been fully developed" and "further administrative
14 proceedings would serve no useful purpose." Smolen, 80 F.3d at 1292; Holohan v. Massanari, 246 F.3d
15 1195, 1210 (9th Cir. 2001).  Specifically, benefits should be awarded where:

16  (1) the ALJ has failed to provide legally sufficient reasons for rejecting [the claimant's]
    evidence, (2) there are no outstanding issues that must be resolved before a
17  determination of disability can be made, and (3) it is clear from the record that the ALJ
    would be required to find the claimant disabled were such evidence credited.
18
19 Smolen, 80 F.3d 1273 at 1292; McCartey v. Massanari, 298 F.3d 1072, 1076-77 (9th Cir. 2002).  Because,
   as discussed above, issues remain concerning whether or not plaintiff is disabled, this matter should be
20
   remanded to the Commissioner for further administrative proceedings.
21
                                    CONCLUSION
22
23       Based on the foregoing discussion, the court should find the ALJ improperly concluded plaintiff was
   not disabled, and should reverse the ALJ's decision and remand this matter to the Commissioner for further
24
   administrative proceedings in accordance with the findings contained herein.
25
26       Pursuant to 28 U.S.C. § 636(b)(1) and Federal Rule of Civil Procedure ("Fed. R. Civ. P.") 72(b),
   the parties shall have ten (10) days from service of this Report and Recommendation to file written
27
   objections thereto.  See also Fed. R. Civ. P. 6.  Failure to file objections will result in a waiver of those
28
   objections for purposes of appeal. Thomas v. Arn, 474 U.S. 140 (1985).  Accommodating the time limit

REPORT AND RECOMMENDATION
Page - 9

1 imposed by Fed. R. Civ. P. 72(b), the clerk is directed set this matter for consideration on **February 3,**
2 **2006**, as noted in the caption.
3    DATED this 9th day of January, 2006.

    /s/ Karen L. Strombom
    Karen L. Strombom
    United States Magistrate Judge